### WEIL v. MUNRO.

(*Superior Court of New York City, Special Term.* December 26, 1888.)

LANDLORD AND TENANT—LEASE—CONSTRUCTION—USE OF STAIRWAYS—INJUNCTION.

Plaintiff hired a basement, access to which was attainable through a hoist-way from the street, by a front stairway from the store floor, and also from a back street, by means of stairways and passages through intermediate buildings. The lease gave the right, in common with the other tenants, to use the "stairways." It did not appear that other tenants needed the front stairway, while its use by plaintiff would render the store floor valueless. It did appear that the other tenants needed the back stairways. *Held*, that an injunction against closing the front stairway should be vacated.

At chambers. On motion to continue an injunction.

Action by Edward Weil against Norman L. Munro. Plaintiff leased of the former owner a sub-cellar and half of a cellar or basement of a building on Pearl street. There is a stairway from the basement to the store floor, and a hoist-way from the basement to the sidewalk. The leased premises could be reached also by entering a building on Cliff street, running parallel to Pearl street, and passing through a middle building. Plaintiff claimed the right to use the Pearl-Street stairway, and obtained an injunction against closing the same.

*M. J. Stein*, (*Henry Cooper*, of counsel,) for plaintiff. *Blanchard, Gay & Phelps*, for defendant.

TRUAX, J. The lease specified the sub-cellar in the Pearl-Street building, and also the front half of the cellar of the Pearl-Street building, with the right, in common with the other tenants, to use the hoist-way in front and the stairways leading thereto. Grammatically, the sentence means that the lessee has the right to use the stairways leading to the hoist-way. But there are no stairways leading to the hoist-way, and for this reason the lease is ambiguous. The affidavits on the part of the plaintiff tend to show that the stairway referred to is the one in front of the building, while the affidavits on the part of the defendant tend to show that the stairways referred to are those on the Cliff-Street side. I do not think that plaintiff has shown that he is entitled to use the front stairway; and, as the burden is on him, the motion to continue the injunction must be denied. The lease says "stairways;" but the plaintiff claims the right to use a "stairway." The lease gives plaintiff the "right in common with the other tenants," but it does not appear that the other tenants have any need of using this particular stairway, while they have need of using the Cliff-Street stairways; and, moreover, to continue the injunction would, in effect, make valueless the store floor of the Pearl-Street building,—a floor the rental value of which is five times that of the premises leased to plaintiff. Injunction vacated, with costs to abide event.